■ LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County, entered January 17, 1979, declaring that the loss in excess of the primary policy issued by Allstate against liability of One Eleven South Street No. 2, Inc., for injuries resulting from an automobile accident shall be shared by all excess carriers in proportion to the limit amount issued by each, is unanimously affirmed, with costs. The facts in this case are fully set forth in Special Term's opinion (97 Misc 2d 229). We affirm for the reasons stated in that opinion while noting one minor factual error which does not change the result. Special Term said (p 231) that the "Executive" policy issued to Irwin Tantleff was an excess policy over an underlying policy listed in the Executive policy's Schedule A, and that this underlying policy had been issued by Allstate to One Eleven South Street No. 2. In fact, the underlying policy had been issued by Allstate to Irwin's wife Judith Tantleff as primary insurance on a BMW automobile. If the BMW had been involved in the accident, we would agree with appellant Lumbermens' contention that Judith's policy would have to be exhausted before the excess policies would be required to contribute to the settlement. However, the accident involved a Datsun owned and insured by One Eleven South Street No. 2, Inc., and $300,000 has already been contributed by Allstate toward the settlement as the primary insurer of that automobile and its owner under a different policy not at issue herein. The Allstate policy issued to Judith provided only excess coverage for the accident involving her son Jack who was driving a "non-owned automobile" as defined in her policy. As an excess coverage policy, it was in parity with the other excess policies involved herein. For the reasons stated by Special Term in its opinion, the loss in excess of that covered by the primary policy was properly declared to be shared by all excess insurers in proportion to the limit amount of insurance issued by each. (See *Atlantic Mut. Ins. Co. v Atlantic Nat. Ins. Co.,* 38 AD2d 517, affd 33 NY2d 817; *Buckeye Union Ins. Co. v State Auto. Mut. Ins. Co.,* 49 Ohio St 2d 213; Ann., 69 ALR2d 1122.) Concur—Kupferman, J. P., Sandler, Sullivan and Markewich, JJ.